# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DWANE LASALLE WALKER,**

    **Plaintiff,**

**vs.**                                              **Case No. 4:20cv227-MW-MAF**

**UNITED STATES, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a hand-written complaint, ECF No. 1, and a motion for in forma pauperis status, ECF No. 2. In a separate Order entered this day, Plaintiff's motion has been granted. Because Plaintiff is not required to pay an initial partial filing fee, his complaint has been reviewed as required by 28 U.S.C. § 1915A.

Plaintiff's complaint seeks the reparation of unpaid slave wages. ECF No. 1 at 1. Plaintiff contends that it is "absolutely necessary" that he "fight for [his] ancestors" who were illegally enslaved. *Id.* Plaintiff seeks 500 billion dollars, an amount he contends "[should] have been paid out after slavery was abolished" in 1865. *Id.* at 2.

First, Plaintiff has not alleged that he, himself, was subjected to slavery. Plaintiff cannot recover damages for injury caused to another.

Second, slavery was abolished in January 1865 with the enactment of the Thirteenth Amendment. Any claim for damages resulting from such a period of slavery is time barred.

Third, it is well established that the United States, as sovereign, cannot be sued for monetary damages unless it has "unequivocally expressed" a waiver of sovereign immunity. United States v. Nordic Vill. Inc., 503 U.S. 30, 33, 112 S. Ct. 1011, 1014, 117 L. Ed. 2d 181 (1992) (quotation omitted). The doctrine of sovereign immunity bars this action against the United States.

There is no need to permit Plaintiff to file an amended complaint. The allegations are frivolous and cannot proceed. This case should be summarily dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Case No. 4:20cv227-MW-MAF

**IN CHAMBERS** at Tallahassee, Florida, on May 4, 2020.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:20cv227-MW-MAF